# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| CHRIS DWAYNE WILLIAMS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> CHRISTOPHER GORDY, Warden, et ) <br> al., ) <br> ) <br> Respondents. ) | Case No.: 6:16-cv-01009-KOB-HNJ |

## MEMORANDUM OPINION

This is an action for a writ of habeas corpus filed by petitioner Chris Dwayne Williams, *pro se*, on or about June 13, 2016. (Doc. 1). Williams challenges his 2015 probation revocation. (Doc. 1 at 2; doc. 18 at 1). On May 25, 2018, the magistrate judge to whom the case was referred entered a report and recommendation pursuant to 28 U.S.C. § 636(b), recommending that habeas relief be denied. (Doc. 49). Williams filed timely objections to the report and recommendation. (Doc. 50).

## FACTUAL BACKGROUND

Because the facts of this case are convoluted, the court recites the relevant factual background before addressing Williams' objections.

In January 2012, in the Circuit Court of Walker County, Williams pleaded guilty to manslaughter and received a twenty year split sentence with five years to

1

serve and the balance on supervised probation. *State v. Williams*, 64-CC-2010-000248.00 (Dkt #52).[1] After being placed on probation, on January 27 or 28, 2015, a Walker County judge signed an arrest order for the petitioner based on misdemeanor theft charges. (Doc. 16-2 at 5; doc. 16-3 at 10). Walker County District Judge Gregory Williams held a bench trial on May 13, 2015, found the petitioner guilty of the misdemeanor charges, and sentenced him to 180 days incarceration, with 40 days imposed and the remainder suspended.[2] (Doc. 16-2 at 27).

On June 24, 2015, the Walker County Circuit Court revoked Williams's probation based upon the misdemeanor conviction. (Doc. 16-3 at 6, 19; *see also* 64-CC-2010-000248.70). Williams filed a § 2254 habeas petition in this court on August 12, 2015. (Doc. 16-4). Because Williams had not exhausted his state court remedies prior to filing the habeas action, this court dismissed the § 2254 petition on October 29, 2015, to allow Williams to properly exhaust his claims in state court. (Doc. 16-6; doc. 16-7).

---

[1] The court may take judicial notice of state court proceedings. *Grider v. Cook*, 522 F. App'x 544, 545 n.2 (11th Cir. 2013); *Keith v. DeKalb County, Georgia*, 749 F.3d 1034, 1041 n. 18 (11th Cir. 2014) (judicial notice taken of an online judicial system similar to Alacourt.com) (citing Fed.R.Evid. 201).

[2] Although the petitioner attempted to file a notice of appeal regarding the conviction by requesting the "necessary forms" from the circuit court clerk (doc. 16-2 at 29), the district court judge construed the letter as a "Motion to Appeal" and denied it, with the comment "[t]he Court does not supply forms" (*id*., at 30). Subsequently, Williams filed a Rule 32 petition in the Walker County District Court on September 18, 2015, challenging his conviction for theft; the court dismissed that petition based on the petitioner's failure to contemporaneously pay the filing fee. (*Id.*, 37, 48).

Williams returned to the Walker County Circuit Court on May 13, 2016, to file a Rule 32 petition challenging his probation revocation. (Doc. 16-8 at 10; *see also* 64-CC-2010-000248.60). On June 14, 2016, the circuit court denied the petitioner's motion to proceed *in forma pauperis* due to the amount of funds in Williams's prison account over the proceeding 12-month period. The court then ordered the Rule 32 petition returned to Williams because of the lack of a paid filing fee. (Doc. 16-8 at 22).

Williams filed the present petition for a writ of habeas corpus on June 13, 2016.[3] (Doc. 1). In response to it, the respondents explained that, "[a]fter being contacted by the attorney for the Respondents, the District Attorney and the District Court recognized the problems with the criminal proceedings and the adjudication of the Rule 32 petition in the District Court and took steps to correct those problems." (Doc. 16 at 23). The Walker County District Court thus granted the September 18, 2015, Rule 32 petition challenging the misdemeanor conviction, set aside the May 13, 2015, conviction, and held a new trial after providing the petitioner with counsel through the Walker County Public Defender's office. (Doc. 16 at 24; doc. 16-9); *see also* 64-DC-2015-90078.61 and 64-DC-2015-90078.00. The district court also granted Williams' *in forma pauperis* petition.

---

[3] Williams dated his petition June 13, 2016. (Doc. 1 at 7). Under *Houston v. Lack*, 487 U.S.C. 266, 275 (1988), he is entitled to a presumption that he tendered his petition to prison officials for filing on the date he signed it.

3

*See* 64-DC-2015-90078.61 (Dkt. #10). Upon retrial of the misdemeanor Theft of Property Third Degree charge, the state district court again found Williams guilty and sentenced him to 12 months imprisonment on December 5, 2016. *See* 64-DC-2015-90078.61 (Dkt. #31). Williams filed an appeal of that conviction in the Walker County District Court. *See* 64-DC-2015-90078.00 (Dkt. #47). That appeal appears still to be pending in the district court as no record of it being docketed in the circuit court is reflected on Alacourt.com, the Alabama court docketing system.

In his reply to the respondents' answer, Williams clarified that in his current petition, he only challenges the probation revocation, and not the misdemeanor theft conviction. (Doc. 18). Specifically, he states, "Williams only challenged circuit court revocation of probation, as was clearly stated on the Rule 32 post conviction form: Only evidence was sent on T.O.P. 3rd to prove how court done." (*Id.*, at 1; *see also* doc. 1 at 2, noting that date of judgment of conviction was June 24, 2015). Furthermore, Williams asserts, "PROBLEMS WERE FOUND, AND CORRECTED IN DISTRICT COURT AND SHOULD OF BEEN IN CIRCUIT COURT AS WELL." (Doc. 18 at 2).

Since the foregoing proceedings occurred, Williams filed an additional Rule 32 petition and application to proceed *in forma pauperis* in state court, again challenging the probation revocation by averring errors regarding the 2010 manslaughter conviction. That petition and application remain pending. *See* 64-

4

CC-2010-000248.61.

On January 18, 2018, the Walker County District Court convicted Williams on a misdemeanor harassment charge stemming from a complaint filed in 2015, and sentenced him to 90 days incarceration. *See* 64-DC-2016-901083.00 (Dkt. #41). Williams appealed that conviction to the Walker County Circuit Court, which has set the harassment charge for jury trial on August 6, 2018. *See* 64-CC-2018-000084.00.

## PETITIONER'S OBJECTIONS

Williams' objections first focus on his court appointed counsel in the December 2016 retrial of his misdemeanor conviction. He asserts that the public defender did not provide "effective assistance of counsel." (Doc. 50 at 1, 2). As previously noted, Williams appealed that conviction to the Walker County Circuit Court on December 28, 2016, and that appeal appears to still be pending. Unless and until Williams fully exhausts his misdemeanor conviction in state court, including any challenge to the effectiveness of counsel, he may not challenge that conviction or bring an ineffective assistance of counsel claim through a federal habeas petition. *See e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (To exhaust a claim fully, a petitioner must "invok[e] one complete round of the State's established appellate review process."); *Hardy v. Comm'r, Ala. Dep't of Corr.*, 684 F.3d 1066, 1074 (11th Cir. 2012) (citing *Duncan v. Henry*, 513 U.S. 364, 365

5

(1995). This rule requires the federal courts to allow the state courts to have the first opportunity to correct a constitutional violation. *Davila v. Davis*, -- U.S. --, 137 S.Ct. 2058, 2064 (2017).

In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review—a petition for a writ of certiorari—filed in the Alabama Supreme Court. *Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); Ala. R. App. P. 39 and 40. Nothing in Williams' objections suggests that he has fully exhausted his ineffective assistance of counsel claim.

Williams next states his January 2018 harassment conviction was obtained after the statute of limitations had run. However, that conviction is the subject of a current appeal in the Walker County Circuit Court and not properly before this court, for the same reasons set forth above.

Also, both of the foregoing objections raise new claims. Neither the effectiveness of counsel in the December 2016 retrial of the misdemeanor charges nor the propriety of the January 2018 harassment trial were the subject of the June 2016 petition that is before this court. Objections are not the proper vehicle to raise new allegations. *Brown v. United States*, 2017 WL 7341401, *3 (11th Cir. 2017) (citing *Williams v. McNeil*, 557 F.3d 1287, 1290 (11th Cir. 2009)).

6

Finally, Williams asserts the Walker County Circuit Court revoked his probation without providing him an initial appearance or a written explanation of why his probation was revoked. He asserts the denial of his *in forma pauperis* application in support of his Rule 32 petition on his probation revocation interfered with his right of access to courts. (*See* Doc. 50 at 1, 3). The magistrate judge found that the Walker County Circuit Court arbitrarily dismissed the petitioner's Rule 32 petition upon denial of his *in forma pauperis* application. (Doc. 49 at 13). But, the magistrate judge also found this claim remained procedurally defaulted as Williams could have filed a writ of mandamus in the state courts upon dismissal of his Rule 32 petition yet failed to do so. (*Id*. at 14). In addition, the magistrate judge noted the petitioner failed to file a direct appeal of the probation revocation, creating a further procedural default of this issue.[4] (*Id*. at 15).

In his objections, Williams fails to point to any state court decision "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court …." 28 U.S.C. § 2254(d)(1). While a state rule applied in an "arbitrary or unprecedented fashion" does not adequately bar federal review, *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001), a petitioner still must identify a constitutional violation for review. *See e.g., Barclay*

---

[4] Where a petitioner fails to exhaust a claim in state court, and the claim obviously would now be procedurally barred in state court, that claim may be treated as procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999); *see also Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001).

*v. Florida,* 463 U.S. 939, 957–58 (1983) ("Mere errors of state law are not the concern of this court ... unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted); *Engle v. Isaac*, 456 U.S. 107, 120 n. 21 (1981) (mere error of state law is not a denial of due process); *Carrizales v. Wainwright,* 699 F.2d 1053, 1054-55 (11th Cir. 1983). Questions of state law and procedure "rarely raise issues of federal constitutional significance. [A] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Tejada v. Dugger,* 941 F.2d 1551 (11th Cir. 1991) (*quoting Carrizales, supra* ).

Additionally, whether the circuit court's decision on Williams' application to proceed *in forma pauperis* for purposes of Rule 32 was correct or not constitutes, in itself, a matter for which state law provides a remedy. Specifically, the petitioner could have filed a writ of mandamus with the Alabama Court of Criminal Appeals. *See e.g., Ex parte Beavers*, 779 So. 2d 1223, 1224 (Ala. 2000) ("[M]andamus, and not appeal, is the proper method by which to compel the circuit court to proceed on an *in forma pauperis* petition.") (*quoting Goldsmith v. State*, 709 So. 2d 1352, 1353 (Ala. Crim. App. 1997)).

The petitioner's failure to file a timely state court writ of mandamus challenging the denial of his *in forma pauperis* application precludes review of the

8

denial here. *See* Rule 21(a)(3), Ala. R. App. P. (permitting "a reasonable time" to file a writ of mandamus, and limiting a "reasonable time" for review of a trial court order to "the time for taking an appeal."). Generally, precedent bars the court from "reviewing a federal habeas claim if the petitioner previously failed to properly present his claim to the state court by complying with the applicable state procedure in order to exhaust his claims." *Powell v. Allen*, 602 F.3d 1263, 1269 (11th Cir. 2010).

To the extent the petitioner challenges the sufficiency of the evidence in the underlying probation revocation, such a claim could state a due process violation. *See e.g., Black v. Romano*, 471 U.S. 606, 615-16 (1985). But, as recognized by the Eleventh Circuit the Supreme Court has not established that due process in a revocation proceeding requires proof beyond a reasonable doubt that the parolee or conditional releasee committed an alleged violation. *See United States v. Taylor*, 931 F.2d 842, 848 (11th Cir. 1991) (no requirement in a probation revocation hearing to prove beyond a reasonable doubt that the defendant committed the alleged acts; all that is required is that the evidence reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation). And even if the petitioner could demonstrate that the probation revocation proceeding violated his due process rights, the petitioner could have appealed those violations to the Alabama appellate courts. *See e.g.,*

9

*Parker v. State*, 719 So.2d 259, 260 (Ala.Crim.App. 1997) (citing *Thomas v. State*, 675 So. 2d 1341, 1342 (Ala. Crim. App. 1994) ("It is clear that a defendant may appeal from a trial court's judgment revoking his probation.")). Williams failed to do so, and so he procedurally defaulted those claims. Because the petitioner failed to "invok[e] one complete round of the State's established appellate review process," *O'Sullivan,* 526 U.S. at 845, his failure forecloses his claims from consideration.

## CONCLUSION

Having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's Report and Recommendation and Williams' objections to it, the court ADOPTS the magistrate judge's report and ACCEPTS his recommendation. The court OVERRULES Williams' objections. Accordingly, the court finds that the petition for writ of habeas corpus is due to be DENIED.

The court also finds that Williams' Motion for Court Order of Probation (doc. 46) is due to be DENIED.

Further, because the petition does not present issues that are debatable among jurists of reason, the court DENIES a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), *Rules Governing § 2254 Proceedings*.

The court will enter a separate Final Order.

**DONE** and **ORDERED** this 24th day of September, 2018.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE